889 A.2d 1057

IN THE MATTER OF STEVEN T. KEARNS,
AN ATTORNEY AT LAW.

January 26, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–280, concluding that **STEVEN T. KEARNS** of **HACKENSACK**, who was admitted to the bar of this State in 1982, and who has been temporarily suspended from the practice of law since July 17, 2003, for failure to pay a sanction to the Disciplinary Oversight Committee, should be suspended from the practice of law for a period of three months for violating *RPC* 8.4(b) (commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having concluded that prior to reinstatement to practice, respondent should be required to pay the $250.00 sanction to the Disciplinary Oversight Committee, as ordered by the Court on June 16, 2003, and submit proof of his fitness to practice law;

And the Disciplinary Review Board having further concluded that on reinstatement to practice, respondent should be required to practice under the supervision of a practicing attorney for a period of one year;

And good cause appearing;

It is ORDERED that **STEVEN T. KEARNS** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of

*Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that prior to reinstatement to practice, respondent shall pay the sanction of $250.00 to the Disciplinary Oversight Committee, as ordered by the court on June 16, 2003; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof that he is fit to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year, and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.